UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL BOWMAN, #771568,

        Petitioner,

                                            CASE NO. 2:16-CV-10709
v.                                       HONORABLE PAUL D. BORMAN

RANDALL HAAS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

**I.    Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Michael Bowman ("Petitioner") pleaded no contest to armed robbery, MICH. COMP. LAWS § 750.529, in the Gladwin County Circuit Court in 2013 and was sentenced to 15 to 30 years imprisonment in 2014. In his petition, he raises claims concerning the validity of his plea and the effectiveness of defense counsel. For the reasons set forth, the Court denies and dismisses with prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.    Facts and Procedural History**

Petitioner's conviction arises from his armed robbery of a gun store with two co-defendants in Gladwin County, Michigan on March 18, 2013. The record reveals

that Petitioner drove the co-defendants to the store where they intended to use pepper spray to facilitate the robbery.  When one of the co-defendants realized he forgot the pepper spray, he used a hammer to hit the store owner in the head, causing severe injury. That co-defendant took several handguns and left the store.  Petitioner picked him up and drove from the scene.  The other co-defendant remained in the store and called 911 for the injured store owner before she left the scene.  11/13/13 Parties' Offer of Proof.

On November 13, 2013, Petitioner pleaded no contest to armed robbery in exchange for the dismissal of additional charges (assault with intent to murder, conspiracy, and felony firearm), a promise not to seek an habitual offender sentencing enhancement, and an agreement for a sentence within the guidelines.  At the plea hearing, Petitioner acknowledged that he understood the terms of his plea, the maximum sentences that he could face, and the rights that he was giving up by pleading guilty. Petitioner also confirmed that it was his choice to plead no contest, that he was doing so freely and voluntarily, and that he had not been threatened or promised anything else in exchange for his plea.  11/13/13 Plea Hrg, pp. 5-9.

Before sentencing, Petitioner filed a motion to withdraw his plea asserting that he felt coerced by defense counsel into accepting the plea bargain.  On January 13, 2014, the trial court conducted a hearing and denied the motion.  1/13/14 Motion/Sent. Hrg., pp. 15-20.  In doing so, the court found that there was "no undue pressure or anything

improper going on" with respect to the plea. *Id.* at p. 17. The court then sentenced Petitioner to 15 to 30 years imprisonment with credit for time served. *Id.* at pp. 30-31.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals raising the following claim:

> The trial court abused its discretion and violated Petitioner's state and federal constitutional due process guarantees when it denied his request to withdraw his no contest plea before sentencing where Petitioner maintained his innocence and where trial counsel had been ineffective because Petitioner felt pressured and threatened by his attorney to accept a plea agreement.

The court denied the application "for lack of merit in the grounds presented." *People v. Bowman*, No. 322650 (Mich. Ct. App. Sept. 5, 2014). Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Bowman*, 497 Mich. 973, 859 N.W.2d 703 (2015).

Petitioner thereafter filed his federal habeas petition raising the same claim presented to the state courts on direct appeal of his conviction. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging state convictions. The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

3

> granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21

4

(citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.; see also White v. Woodall*, _ U.S. _, 134 S. Ct. 1697, 1702 (2014). Federal judges "are required to afford state courts due respect by overturning their decisions only when

5

there could be no reasonable dispute that they were wrong." *Woods v. Donald*, _ U.S. _, 135 S. Ct. 1372, 1376 (2015). A habeas petitioner cannot prevail as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly

6

established Federal law, as determined by the Supreme Court,'" and "cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, _ U.S. _ 135 S. Ct. 1, 2 (2014) (per curiam). Lower federal court decisions may be useful in assessing the reasonableness of a state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**IV. Discussion**

Petitioner asserts that he is entitled to habeas relief because the trial court abused its discretion and violated his state and federal due process rights by denying his plea withdrawal motion. Specifically, Petitioner asserts that the trial court erred because he maintained his innocence and defense counsel was ineffective for coercing him into accepting a plea bargain. Respondent contends that this claim lacks merit.

As an initial matter, the Court notes that Petitioner is not entitled to relief on any claim that the trial court abused its discretion, or otherwise violated state law, in refusing

to allow him to withdraw his plea. Such a claim is not cognizable on habeas review because it is a state law claim. A criminal defendant has no federal constitutional right, or absolute right under state law, to withdraw a knowing, intelligent, and voluntary plea. *Chene v. Abramajtys*, 76 F.3d 378, 1996 WL 34902, *2 (6th Cir. 1996) (table). Consequently, "the decision to permit a defendant to withdraw a plea invokes the trial court's discretion. A trial court's abuse of discretion generally is not a basis for habeas corpus relief." *Adams v. Burt*, 471 F. Supp. 2d 835, 843 (E.D. Mich. 2007) (internal citations omitted); *see also Hoffman v. Jones*, 159 F. Supp. 2d 648, 655 (E.D. Mich. 2001). State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). Habeas relief is thus not warranted on such a basis.

Petitioner also asserts that his plea was not knowing, intelligent, and voluntary because he felt coerced by defense counsel into accepting a plea bargain. When a criminal defendant is convicted pursuant to a plea, habeas review is limited to whether the plea was made knowingly, intelligently, and voluntarily. *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is intelligent

8

and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Brady v. United States*, 397 U.S. 742, 756 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *Id.* at 755. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749.

In this case, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.[1] The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 22 years old at the time of his plea and was familiar with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The parties discussed the charges, the terms of the plea agreement, and the consequences of the plea. Petitioner indicated that he understood the plea agreement and wanted to plead no

9

contest, that he had not been threatened or coerced or promised anything other than what was included in the agreement, and that it was his own decision to plead no contest. He is bound by those statements. *See Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). There is no evidence of coercion. The fact that Petitioner was subsequently dissatisfied with his plea or may have hoped for more lenient treatment does not render his plea unknowing or involuntary. *See Brady*, 397 U.S. at 757.

Petitioner seems to assert that his plea is invalid because he is innocent. A guilty or no contest plea, however, involves a waiver of many constitutional rights, including the right to a trial where the prosecution has the burden of proving guilt beyond a reasonable doubt, the right to confront adverse witnesses, and the right to present evidence in one's defense. *See Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008) (citing *Boykin*, 395 U.S. at 243). A defendant who pleads guilty or no contest waives all pre-plea issues, *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), including any claim that he had a defense to the charges. *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992); *Siegel v. New York*, 691 F.2d 620, 626 n. 6 (2d Cir. 1981) (citing *Tollett* and *McMann v. Richardson*, 397 U.S. 759 (1970)). A defendant "is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action." *Brady*, 397 U.S. at 757. Petitioner waived

---

[1]The Court would reach the same result under a *de novo* standard of review.

his right to present a defense to the charges by pleading no contest. *See Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267.

Petitioner also fails to show that defense counsel was ineffective in advising him about his case and the plea bargain. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id.* The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be

11

made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 562 U.S. 115, 125 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

To the extent that Petitioner asserts that defense counsel was ineffective for failing to take certain actions during the pre-plea period, he is not entitled to relief. As discussed *supra*, claims about the deprivation of constitutional rights that occur before

the entry of a guilty or no contest plea are foreclosed by the plea. *Broce*, 488 U.S. at 569; *Tollett*, 411 U.S. at 267. The Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or no contest waives any non-jurisdictional claims that arose before the plea. In such a case, a reviewing court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Accordingly, any claim that defense counsel was ineffective for failing to take certain actions during the pre-trial period is foreclosed by Petitioner's plea and does not warrant relief.

Petitioner states that he felt threatened and pressured by defense counsel into accepting a plea bargain and that counsel erred in advising him to plead no contest. Petitioner, however, fails to show that counsel threatened him or pressured him into accepting the plea. While it is true that counsel requested that Petitioner pay the balance of his agreed-upon retainer fee, counsel also advised Petitioner that it was his own choice to accept or reject the plea offer. *See* 9/27/13 Counsel Ltr. Petitioner's statements at the plea hearing – that it was his choice to plead no contest and that neither

13

he nor his family had been threatened – also belie his claim that he was threatened or pressured into pleading no contest. Petitioner fails to show that his plea was coerced.

Petitioner also asserts that defense counsel was deficient in investigating his case and advising him to accept the plea bargain. It is well-settled that defense counsel has a duty to conduct a reasonable investigation into the facts of a defendant's case, or to make a reasonable determination that such investigation is unnecessary. *See Strickland*, 466 U.S. at 690-91; *Lundgren v. Mitchell*, 440 F.3d 754, 771 (6th Cir. 2006); *O'Hara v. Wiggington*, 24 F.3d 823, 828 (6th Cir. 1994). In this case, the record as whole indicates that counsel investigated Petitioner's case and was prepared for trial. Petitioner fails to provide facts which show what more counsel could have done to investigate or prepare for trial which would have benefitted the defense. Conclusory allegations are insufficient to demonstrate that defense counsel was ineffective. *Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for evidentiary hearing on habeas review).

Moreover, counsel's strategy in pursuing a plea and foregoing other avenues of defense was reasonable given the charges against Petitioner, the pre-trial evidence which showed that Petitioner was guilty as an aider and abettor to the crime, the fact that Petitioner's co-defendants were scheduled to testify against him, the lack of a solid

defense, and the fact that Petitioner was subject to a life sentence if convicted after trial. Counsel was able to secure the dismissal of additional felony charges, a guarantee that the prosecutor would not seek an habitual offender sentencing enhancement, and an agreement that Petitioner would be sentenced within the guidelines in exchange for his plea. Counsel's conduct was reasonable under the circumstances.

Lastly, Petitioner fails to show that but for defense counsel's advice, he would not have pleaded no contest and would have insisted on going to trial. As discussed, the prosecution had a strong case against Petitioner, which included testimony by his co-defendants implicating him as an aider and abettor in the crime, and Petitioner faced a life sentence if convicted without the benefit of the plea bargain. Petitioner fails to establish that defense counsel was ineffective under the *Strickland/Hill* standard. The Court is satisfied that Petitioner's plea was knowing, intelligent, and voluntary. Habeas relief is not warranted.

## V. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Petitioner makes no such showing. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a).

    **IT IS SO ORDERED**.

s/Paul D. Borman  
Paul D. Borman  
United States District Judge

Dated: September 7, 2017

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 7, 2017.

s/D. Tofil  
Deborah Tofil, Case Manager
